**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ROGELIO VALENZUELA GARCIA,<br>Petitioner,<br>v.<br>DAVID VENTURELLA, *et al.*,<br>Respondents. | Case No. 2:26-cv-01965-RFB-BNW<br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Rogelio Valenzuela Garcia's First Amended Petition for Writ of Habeas Corpus (ECF No. 8). Mr. Valenzuela Garcia argues, *inter alia*, that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Mr. Valenzuela Garcia a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Mr. Valenzuela Garcia is a member of the Jacobo-Ramirez Class—a fact undisputed by all Parties. Petitioner has set forth sufficient facts indicating Class membership, and Federal Respondents, in their Notice of Class Membership, stated: "[b]ased on the decision by

this Court in Jacobo-Ramirez, and the Order Appointing Counsel in this matter, Petitioner is a Class Member."[1] See First Am. Pet. for Writ of Habeas Corpus 5, ECF No. 9 [hereinafter, "Petition"]; Federal Respondents' Notice Regarding Class Membership 1, ECF No. 11 [hereinafter, "Notice"].

In addition, the Court finds Federal Respondents did not conduct an initial custody determination for Petitioner at the outset of his detention. Petitioner was taken into ICE custody on May 31, 2026—over six weeks ago. See Petition at 3. This Court ordered Federal Respondents to file an answer, under oath, to the following three interrogatories:

> (1) was Petitioner arrested pursuant to a lawfully executed and served administrative warrant under 8 C.F.R. § 236.1(b); (2) was an initial custody determination conducted as to Petitioner under 8 C.F.R. § 236.1(c)(8); [and] (3) was a Form I-286, Notice of Custody Determination served to Petitioner under 8 C.F.R. § 236.1(g).

June 30, 2026, Order 4, ECF No. 4. Federal Respondents answered "No" to questions (2) and (3). See Notice, Ex. B at 2, ECF No. 11-2 (Federal Respondents' Answers to Interrogatories). On this basis, the Court concludes an initial custody determination never occurred.

## II. CONCLUSIONS OF LAW

As a Jacobo-Ramirez Class member, Mr. Valenzuela Garcia is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Well over three months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *33. Because Federal Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A), see generally Notice, ECF No. 11, his ongoing detention is

[1] The Court notes that Respondents have not filed any response to the Court's Order to Show Cause or a return to Mr. Valenzuela Garcia's Amended Petition. See generally Pet's. Notice of Gov't's. Failure to Respond to the Court's July 13, 2026, Order to Show Cause, ECF No. 13. While there is a strong preference for habeas cases to be resolved on the merits, the Court cannot allow further delay given the liberty and due process interests at stake. Cf. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (citing to Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981), for the proposition that district courts have discretion to enter default judgment upon a government's failure to respond creating excessive delay). Moreover, the Court has adequate information to rule on this Petition from the pleadings filed and documents produced to-date.

unlawful under both the INA and this Court's class-wide declaratory judgment

For reasons articulated in Perez Chacon v. Mattos, No. 2:26-cv-01061-RFB-EJY, 2026 WL 1960905, at *6–11 (D. Nev. July 7, 2026), which are incorporated by reference herein, the Court finds that Mr. Valenzuela Garcia must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Garcia-Maya v. Blanche, 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *3–7 (D. Nev. July 7, 2026), which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Garcia-Maya, the Court finds Petitioner's detention without the pre-deprivation process encompassed in the initial custody determination requirement violates Petitioner's right to procedural due process.

Therefore, the Court finds Petitioner's detention has been unlawful from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here. See Munaf v. Geren, 553 U.S. 674, 693 (2008).

## III. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his own recognizance on **July 17, 2026,** between the hours of **12:00 and 3:00 p.m.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without

having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property—including any personal identification and employment authorization documents—upon his release**.**

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his/her current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations. At this hearing, the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** that the Parties must file a **JOINT STATUS REPORT** by **July 20, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is instructed to enter judgment and close this case accordingly. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 16, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**